1

2

3

4

5

6

7

8                                    NOT FOR CITATION

9                  IN THE UNITED STATES DISTRICT COURT

10                FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12  JESSE GRANT III,                          )        No. C 07-6191 JF (PR)
                                              )
13              Plaintiff,                     )        ORDER OF DISMISSAL
                                              )        WITH LEAVE TO AMEND
14    vs.                                      )
                                              )
15  SERGEANT MAHARAJ, et al.,                  )
                                              )
16              Defendants.                    )
                                              )
17  _____

18        Plaintiff, an inmate in county jail, filed a pro se civil rights complaint pursuant

19  to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma pauperis in a

20  separate written order.  The Court reviews Plaintiff's claims pursuant to 28 U.S.C. §

21  1915A and will order the complaint dismissed with leave to amend.

22                                    **DISCUSSION**

23        A federal court must conduct a preliminary screening in any case in which a

24  prisoner seeks redress from a governmental entity or officer or employee of a

25  governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify

26  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

27  claim upon which relief may be granted or seek monetary relief from a defendant who is

28  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be

1 liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

2 1988).

3       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

4 elements: (1) that a right secured by the Constitution or laws of the United States was

5 violated, and (2) that the alleged violation was committed by a person acting under the

6 color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

7       Plaintiff alleges that defendant Sergeant Maharaj, of the Milpitas Police

8 Department, came to his house in Hayward accompanied by unidentified officers from the

9 Alameda County Sheriff's Department and the Hayward Police Department.  After

10 learning from Plaintiff's wife that Plaintiff was out riding his motorcycle, Maharaj

11 dispatched this fact to other police officers.  Plaintiff alleges that unidentified police

12 officers then, without warning, struck Plaintiff's motorcycle from behind causing Plaintiff

13 numerous injuries.

14       An allegation of the use of excessive force by a law enforcement officer in

15 effectuating an arrest states a valid claim under 42 U.S.C. § 1983.  See Graham v.

16 Connor, 490 U.S. 386, 394-95 (1989).  However, to state a claim under § 1983, a plaintiff

17 must set forth specific facts as to each individual defendant's conduct that proximately

18 caused a violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

19 Here, the only  named defendants are Maharaj, the Milpitas and Hawyard Police

20 Departments, and the Alameda County Sheriff's Department.  Plaintiff does not name as

21 Defendants any of the officers who struck him with their car.  With respect to Maharaj,

22 the allegations indicate that he was at Plaintiff's house radioing the other officers, and not

23 in the car that allegedly struck Plaintiff's motorcycle.  There is no allegation or indication

24 that Maharaj ordered the other officers to strike Plaintiff's motorcycle, knew that they

25 would strike him, or otherwise proximately caused them to strike him.  Naming the police

26 and sheriff's departments does not suffice to plead a § 1983 claim, however, because

27 there is no respondeat superior liability under § 1983, and plaintiff has not alleged that the

28 use of force was pursuant to a policy or practice.  See Monell v. Dep't of Social Servs.,

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Jf\CR.07\Grant191dwlta.wpd            2

1    436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983

2    context, and requiring a policy or practice to establish liability of municipal entity).

3    Plaintiff will be given leave to amend the complaint to name the responsible individual

4    employees as Defendants and to set forth specific facts as to each of the individual

5    Defendant's conduct that violated plaintiff's constitutional rights.

6                                   CONCLUSION

7        1.       The Complaint is DISMISSED with leave to amend within **thirty days**

8    from the date this order is filed to cure the deficiencies described above.  The amended

9    complaint must include the caption and civil case number used in this order (07-6191 JF

10   (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an

11   amended complaint completely replaces the previous complaints, Plaintiff must include in

12   his first amended complaint all the claims he wishes to present and all of the Defendants

13   he wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff

14   may not incorporate material from the prior complaints, such as exhibits or supporting

15   documentation of his prison administrative appeal, by reference.  **Failure to file an**

16   **amended complaint in accordance with this order will result in dismissal of this**

17   **action.**

18       2       It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

19   Court informed of any change of address by filing a separate paper with the clerk headed

20   "Notice of Change of Address."  He must comply with the Court's orders in a timely

21   fashion or ask for an extension of time to do so.  Failure to comply may result in the

22   dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

23       IT IS SO ORDERED.

24   DATED:  5/2/08

                                    JEREMY FOGEL
25                                  United States District Judge

26

27

28

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Jf\CR.07\Grant191dwlta.wpd           3