NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESSE GRANT III,

Plaintiff,

vs.

W. CHEA, et al.,

Defendants.

No. C 07-06191 JF (PR)

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DENYING MOTION FOR PRODUCTION OF DOCUMENTS; DENYING MOTIONS FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

(Docket No. 42, 54, 55, 57 & 59)

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court found the complaint, when liberally construed, stated a cognizable Eighth Amendment of excessive force against Defendants W. Chea and Varela.[1] Defendant W. Chea has filed a motion for summary judgment. (Docket No. 42.) Plaintiff filed opposition to Defendant's summary judgment motion, and Defendant filed a reply. After reviewing the first amended complaint and all submitted papers, the Court concludes that Defendant Chea is entitled to summary judgment and will GRANT Defendant's motion.

[1] Defendant Varela's motion for summary judgment was granted on September 23, 2009. (See Docket No. 31.)

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is 'no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. See Liberty Lobby, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citations omitted). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Id. at 323.

The court's function on a summary judgment motion is not to make credibility

determinations or weigh conflicting evidence with respect to a disputed material fact. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. See id. at 631. It is not the task of the district court to scour the record in search of a genuine issue of triable fact. Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. Id. If the nonmoving party fails to do so, the district court may grant summary judgment in favor of the moving party. See id.; see, e.g., Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1028-29 (9th Cir. 2001).

## I. Legal Claims and Analysis

Plaintiff alleges the following facts in the amended complaint:

> On Feb. 21, 2007 investigating Officer Sgt. Maharaj came to Hayward, CA [without] a search warrant to search my home. He was accompanied by an officer from both the Hayward P.D. [and] the Alameda County Sheriffs Dept. They came to my house when I was not home. My wife answered the door [and] stated that I was not home, that I was out riding on my red motorcycle. Officer Maharaj said I was not in trouble [and] the other two officers were there for his own protection. The officer dispatched on his radio that I was out on a red motorcycle. My house is the second from the corner on Bayview View [sic] and Kelly Hill. (...) I got close to home [and] was driving up the hill of Kelly Hill to a friends [sic] house to pick up some parts for my motorcycle. As I passed by my house the officers from Hayward P.D. [and] Alameda County Sheriffs Dept. jumped in their vehicles after me. As I reached D Street I was hit from behind. I turned to look [and] saw a black/blue police car. I yelled towards them, "Hay. [*sic*] Stop!" I was then hit again from behind. That last point was my last point of memory. After reading the police report, they stated no use of a siren, or any loud speakers telling me to pull over. The two officers involved in the ramming of my motorcycle were Officer Varela and Officer Chea. One works for the Hayward Police Dept., the other with the Alameda County Sheriff's Dept. Due to being struck from behind, I was in the hospital for five days. I received injuries to both knee's [*sic*], my head, my back, and a big hole in my right foot near the heel.

(Am. Compl. at 3-4.) The Court found Plaintiff's allegations, when liberally construed, sufficient to state violations of Plaintiff's Eighth Amendment rights by Defendants Varela and Chea's use of excessive force.

In support of his motion for summary judgment, Defendant Chea provides a copy of his Incident Report, (Mot., Ex. A), and Officer Varela's report, (Mot., Ex. B). According to Defendant Chea, he was dispatched to Plaintiff's home at 22790 Bayview Avenue to assist Sergeant Maharaj of the Milpitas Police Department ("MDP") with the investigation of Plaintiff as a burglary suspect. (Mot. at 2.) Also present at the house were Officer Varela of the Hayward Police Department ("HPD") and Detective Muok of the MPD. Detective Muok informed Defendant Chea that Plaintiff was in the area, driving a red Honda Goldwing motorcycle. (Id.) Shortly thereafter, Plaintiff was spotted by Sergeant Maharaj driving past the house on a red motorcycle. (Id.) Officer Varela and Defendant Chea returned to their respective vehicles to attempt to identify the motorcyclist. (Id.) Defendant Chea was unsuccessful in catching up to Plaintiff. Rather, Defendant Chea stopped when he saw that Plaintiff's motorcycle had crashed into the back of a U-haul truck on D Street in Hayward. Officer Varela was already on scene. Consistent with Defendant Chea's account, Officer Varela's report states that Defendant Chea arrived on the scene approximately five seconds after Officer Varela. (Id.)

Plaintiff in opposition alleges for the first time that a "black Police car" hit him, and that he saw a "blue car behind the black car." (Oppo. at 3.) Plaintiff does not dispute that two cars were following him. It has previously been admitted that Officer Varela's vehicle is a standard black police cruiser with white top and door panels which bear the HPD insignia, and Defendant Chea's vehicle is a blue police cruiser. (See Docket No. 31 at 4.) Although Plaintiff argues that the accounts provided by Sergeant Maharaj, Officer Varela, and Defendant Chea differ, the latter two accounts are consistent as to this point: that Officer Varela was first on the scene and Defendant Chea arrived only after Plaintiff was on the ground. When viewing the evidence in the light most favorable to Plaintiff, it is possible that he was struck by one Black car from behind, but not that another blue car struck him again. At trial, the burden would be on Plaintiff to prove that Defendant Chea was driving the vehicle which allegedly struck him. By Plaintiff's own admissions, he was struck by a black police car, and it is undisputed that Defendant Chea was driving a

blue car. Furthermore, the police reports relied upon by Plaintiff in filing the instant complaint all indicate that Defendant Chea arrived on the scene after the accident had already occurred. Lastly, the declaration submitted by Plaintiff of a witness named "Calvin" supports the fact that Defendant Chea was following Officer Varela's vehicle, as the witness states that "behind the Black Police Car was an Alameda County Sheriff's car." (Oppo., Calvin Decl.) The declaration offers no other probative information as the witness did not see the crash but merely "heard Yell [*sic*] something, then a loud crashing sound." (Id.) At summary judgment, Defendant Chea need only point out the "absence of evidence" to support Plaintiff's case that Defendant Chea is liable for his injuries. Celotex Corp., 477 U.S. at 325. Plaintiff's evidence in opposition is neither colorable nor probative to avoid summary judgment. See Liberty Lobby, 477 U.S. at 249-50. Therefore, it cannot be said that the evidence is such that a reasonable jury could return a verdict for the Plaintiff on his claim against Defendant Chea. Id. at 248.

The Court finds that Plaintiff's Eighth Amendment argument fails as a matter of law because Plaintiff has presented insufficient evidence to establish that Defendant Chea used excessive force in the course of Plaintiff's capture and arrest. Accordingly, summary judgment is GRANTED to Defendant Chea on Plaintiff's Eighth Amendment excessive force claim.

**CONCLUSION**

For the foregoing reasons, Defendant Chea's motion for summary judgment (Docket No. 42) is GRANTED. All claims against Defendant Chea are DISMISSED with prejudice. Plaintiff's motion for production of documents, (Docket No. 59), is DENIED as unnecessary.

Plaintiff's motions for leave to appeal in forma pauperis, (Docket Nos. 54, 55 and 57), are DENIED as the Court finds the appeal is frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3). Accordingly, Plaintiff's in forma pauperis status is hereby REVOKED. Id. Plaintiff may seek pauper status directly with the Ninth Circuit Court of

Appeals. The clerk shall forward a copy of this order to the Ninth Circuit.

This order terminates Docket Nos. 42, 54, 55, 57 and 59.

IT IS SO ORDERED.

DATED: 9/22/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JESSE GRANT III,

Plaintiff,

v.

W. CHEA, et al.,

Defendants.
_______________________________/

Case Number: CV07-06191 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/29/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jesse Grant G-25984
Pelican Bay State Prison
P.O. Box 7500
B-8-121
Crescent City, CA 95532

Dated: 9/29/10

Richard W. Wieking, Clerk